

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
BERNARD NATIONAL LOAN INVESTORS, :
LTD.
                                                 :
            Plaintiff,                           :   Case No. 08-CIV-3573
                                                 :
       v.                                        :
                                                     **COMPLAINT**
TRADITIONS MANAGEMENT, LLC, AEY,                 :
LLC, and MICHAEL AIKEN                           :
                                                 :
            Defendants.                          :
------------------------------------------------ x



Plaintiff Bernard National Loan Investors, Ltd., by and through its counsel, Reed Smith LLP, for its complaint against Defendants Traditions Management, LLC; AEY, LLC and Michael Aiken alleges as follows:

## INTRODUCTION

1.  This is an action for specific performance, declaratory and monetary relief arising out of a $26.5 million secured loan transaction among the parties (the "Transaction").

2.  Specifically, Defendant Traditions Management, LLC ("Traditions") borrowed $26.5 million from Bernard National Loan Investors, Ltd. ("Bernard" or "Plaintiff") in December 2006, said loan being guaranteed by Defendant AEY, LLC ("AEY"). Now, millions of dollars richer thanks to the loan proceeds, Traditions and AEY have engaged in breaches of the relevant loan documents and sharp practices that would give any rational lender cause for immediate concern. Further, Traditions and AEY, through their manager, Michael Aiken ("Aiken") have refused to comply with Bernard's contractually and legally grounded requests for

access to financial information, even though such information is central to Bernard's right and ability to protect its investment.

3.   After having sought this information for over six months -- and having received only a litany of diversionary tactics and broken promises from Defendants -- Bernard now brings the instant action so that it can obtain that which is due to it under the loan documents and governing New York law, together with related relief necessary to protect its position and avoid irreparable harm.

## THE PARTIES

4.   Bernard is a Cayman Islands company limited by shares with its principal place of business in New York City, New York. Bernard is a specialized investment group in the business of providing commercial loans to qualified commercial entities.

5.   Traditions is a Delaware limited liability company, with its principal place of business at 816 Krystal Building, One Union Square, Chattanooga, Tennessee. Traditions is a real estate marketing services firm that specializes in the design, development and the targeted sales and marketing of new, high-end luxury residential communities. Traditions was founded in 2002 by Mark Enderle, Mark Yarborough and Mike Aiken (collectively the "Principals"). Each of the Principals has an affiliated limited liability company, which three LLCs are the members of Traditions, along with AEY. Those member LLCs are citizens of Delaware and Nevada.

6.   AEY is a Delaware limited liability company with its principal place of business as Traditions at 816 Krystal Building, One Union Square, Chattanooga, Tennessee. As is the case with Traditions, AEY is owned and controlled by the Principals. AEY holds all of the

preferred interests in Traditions. Such preferred interests serve, in part, as the collateral of the Loan.

7. Michael Aiken is a manager of Traditions and an owner thereof, through his controlled limited liability corporation, and also AEY. He is an adult individual and a citizen of Tennessee. As one of the Principals, Aiken has personally undertaken performance of certain loan covenants, and is a signatory of the loan documents in his personal capacity and on behalf of Traditions and AEY.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), the citizenship of the parties being diverse and the rights in controversy exceeding the amount of $75,000, exclusive of interest and costs.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a)(2), and pursuant to the provisions of the loan documents.

## FACTS

10. On or about December 18, 2006, Bernard provided $25.5 million in cash and a $1,000,000 interest reserve (the "Loan") to Traditions, as evidenced by a Promissory Note, and pursuant to a Loan Agreement and Pledge and Security Agreement (the "LPS Agreement") among Bernard, Traditions, AEY, and the Principals. True and correct copy of the Promissory Note and the LPS Agreement are attached hereto as Exhibits A and B respectively.

11. As a condition to making the Loan, Bernard required AEY to enter into a Secured Non-Recourse Guaranty, whereby, among other things, AEY agreed to guarantee the Loan irrevocably and unconditionally. A true and correct copy of the Secured Non-Recourse Guaranty is attached hereto as Exhibit C. (Exhibits A-C collectively the "Loan Documents")

12. Over a period of recent months, Defendants' conduct has given Bernard concern as to whether Traditions has duly performed its contractual obligations, and for Traditions' willingness and ability to perform its contractual obligations going forward. This conduct includes, but is not limited to:

    (a) Apparent excess entertainment expenses and cash distributions made to members by Traditions which are larger than permitted by the Loan Documents and not adequately explained or accounted for;

    (b) Inventory and backlog numbers at closing now appear to have been manipulated or overstated in order to avoid a downward adjustment of the Loan amount, which was required to account for distributions taken between signing of the term sheet and Loan closing; and

    (c) Defendants' have informed Bernard that Traditions does not track the status of its ongoing and future projects, creating a risk of serious deficiencies in internal recordkeeping.

13. Bernard has expressed its concerns to Traditions over this conduct and the threat it poses to Bernard's security and interests. As part of those discussions, Bernard has repeatedly sought information that Bernard needs to monitor performance under the Loan, track and probe performance of Loan covenants, and ensure itself of the adequacy of its collateral.

14. Specifically, Bernard seeks the following materials (the "Requested Information"):

- audited financial statements for 2007;
- monthly operating statements for 2007 and 2008;

- report of actual capital expenditures and costs incurred in each quarter of 2007, compared against budget;
- calculation for the following amortization payments:
  - May 1, 2007:       $200,000;
  - August 21, 2007:   $1,000,000;
  - January 4, 2008:   $400,000;
- per property quarterly operating statements for 2007, and first quarter 2008;
- status report of the current inventory of units per project;
- detailed accounting of T/M/E (travel, meals and entertainment) expenses for 2007;
- a calculation of the impact on cash flow from changes in earned fee backlog by quarter;
- documentation/explanation of the fourth quarter 2007 distribution to members of $1,500,000.

15. Defendants have failed and refused to supply any of this information.

16. Bernard is entitled to the Requested Information pursuant to section 5(c) of the LPS Agreement, which provides that:

> At any time and from time to time, upon the reasonable written request of [Bernard], and at the sole expense of [AEY], [AEY] shall promptly and duly give, execute, deliver, file and/or record such further instruments and documents and take such further actions as [Bernard] may reasonably request for the purposes of obtaining, creating, perfecting, validating, or preserving the full benefits of this agreement and of the rights and powers herein granted . . .

See Exhibit A, LPS Agreement, § 5(c).

17. Bernard is also entitled to the Requested Information pursuant to common law rights and protections owed to lenders and to contract parties generally.

18. Bernard seeks the Requested Information to assess the health of its collateral, and to monitor Defendants' compliance with the extensive covenants set forth in the Loan Documents, for, if those covenants are not being complied with, Bernard will not be able to

preserve the full benefits of the relevant Loan Documents nor be reasonably assured of future performance.

19.     Defendants' failure to supply the Requested Information interferes with and impedes Bernard's internal accounting functions; including its calculations of net asset value, which Bernard must make, track, and report.

20.     By letter sent to the attention of Michael Aiken dated March 28, 2008, Bernard, by counsel, memorialized its concerns and prior requests that Defendants provide the Requested Information. A true and correct copy of the March 28, 2008 letter is attached hereto as Exhibit D.

21.     By way of reply, Defendants through their counsel, repeated their position that they need not provide the Requested Information, and continued to decline or refuse to allay Bernard's concerns by providing the Requested Information. While that letter purported to consider a voluntary production of information by Traditions at some unspecified date in the future (Exhibit E), when Bernard's counsel contacted Traditions' counsel to take up the offer (Exhibit F), Traditions quickly reneged (Exhibit G), and to date, none of the Requested Information has been provided and no time for any such production has been set.

22.     Bernard has performed all of its material obligations under the Loan Documents.

23.     Section 18 of the Loan Agreement provides, in pertinent part, that Bernard "shall be entitled to bring . . . an action for specific performance or any other appropriate action or proceeding to enable [Bernard] to enforce and realize upon its security interest hereunder."

- 7 -

**IN AND FOR A FIRST CLAIM UPON
WHICH RELIEF CAN BE GRANTED**

**(Specific Performance)**

24.     Bernard hereby incorporates by reference the allegations in the preceding paragraphs as if set forth at length herein.

25.     By reason of the foregoing facts, Bernard is entitled to specific performance of Section 5(c) of the LPS Agreement, pursuant to which Bernard is entitled to the following Requested Information from AEY:

- audited financial statements for 2007;
- monthly operating statements for 2007 and 2008;
- report of actual capital expenditures and costs incurred in each quarter of 2007, compared against budget;
- calculation for the following amortization payments:
    - May 1, 2007:       $200,000;
    - August 21, 2007:   $1,000,000;
    - January 4, 2008:   $400,000;
- per property quarterly operating statements for 2007, and first quarter 2008;
- status report of the current inventory of units per project;
- detailed accounting of T/M/E expenses for 2007;
- a calculation of the impact on cash flow from changes in earned fee backlog by quarter;
- documentation/explanation of the fourth quarter 2007 distribution to members of $1,500,000.

26.     To avoid continued and irreparable harm to Bernard, the other Defendants, which control AEY, should be enjoined and restrained from any conduct that would prohibit or impede AEY's providing this information to Bernard forthwith.

27.     Bernard has no adequate remedy at law.

- 8 -

## IN AND FOR A SECOND CLAIM UPON WHICH RELIEF CAN BE GRANTED

### Breach of the Duty of Good Faith and Fair Dealing

28. Bernard hereby incorporates by reference the allegations in the preceding paragraphs as if set forth at length herein.

29. Defendants each owe Bernard the duty of good faith and fair dealing that inheres in every contract, and specifically through the Loan Documents.

30. Defendants' refusal to supply Bernard with the Requested Information is not commercially reasonable and violates the covenant of good faith and fair dealing, and threatens to deprive Bernard of its reasonable expectations under the Loan Documents.

31. Bernard has been materially damaged by Defendants' violation of the covenant of good faith and fair dealing which, among other things, have prevented Bernard from having the necessary information to assess the health of its collateral, and to monitor Defendants' compliance with the extensive covenants set forth in the Loan documents.

32. Defendants should be required to provide this information to Bernard forthwith and should be held liable for any damages flowing from their failure heretofore to provide the Requested Information in a timely fashion.

### IN AND FOR A THIRD CLAIM UPON
### WHICH RELIEF CAN BE GRANTED

### Declaratory Relief

33.     Bernard hereby incorporates by reference the allegations in the preceding paragraphs as if set forth at length herein.

34.     By reason of the conduct set forth in Paragraph 12 through 15 above, Defendants have breached, or have anticipatorily breached, the Loan Documents.

35.     Bernard is entitled to a declaration pursuant to 28 U.S.C. § 2201, *et seq.* that Defendants are in breach of the Loan Documents, and that such breach is continuing.

36.     Further, Bernard is entitled to all damages flowing from that breach in accordance with the Loan Documents and New York law.

### IN AND FOR A FOURTH CLAIM UPON
### WHICH RELIEF CAN BE GRANTED

### Indemnification

### (Asserted Against Defendant AEY, LLC)

37.     Bernard hereby incorporates by reference the allegations in the preceding paragraphs as if set forth at length herein.

38.     Bernard is entitled to indemnification from AEY for fees and costs associated with any action brought for failure on the part of AEY to comply with, or perform under, the LPS Agreement.  See Exhibit A, LPS Agreement, §19(a)(iv).

39.     Bernard is entitled to indemnification from AEY for fees and costs arising from actions regarding the ownership of the LPS Agreement or any interest in the collateral. See Exhibit A, LPS Agreement, §19(a)(i).

40.     Bernard is further entitled to indemnification from AEY for fees and costs relating to the enforcement of the provisions of the LPS Agreement, the Promissory Note, and/or any of the Loan Documents. See Exhibit A, LPS Agreement, §19(a)(iii).

41.     To date, Bernard has incurred indemnifiable expenses in excess of $75,000, exclusive of interest and costs, and such damages are continuing.

**WHEREFORE**, Plaintiff Bernard National Loan Investors, Ltd. demands judgment against Defendant AEY, LLC, as follows:

(a)     Specific performance of the Loan Documents;

(b)     A declaration that Defendants are in breach of the Loan Documents;

(c)     Damages and indemnification in accordance with the Loan Documents in an amount to be determined at trial but, in any event, in excess of $75,000;

(d)     Attorneys' fees, interest and costs; and

(e)     Such other relief as the Court may deem just and proper.


Dated: April 14, 2008

REED SMITH LLP

By: _____
Lance Gotthoffer, Esq. (LG – 5932)
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Attorneys for Plaintiff
Bernard National Loan Investors, Ltd.