UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
BERNARD NATIONAL LOAN INVESTORS, LTD.,  :
                          Plaintiff,    :
                                        :        08 CIV. 3573 (DLC)
              -v-                       :
                                        :        OPINION & ORDER
TRADITIONS MANAGEMENT, LLC, AEY, LLC,   :
MICHAEL AIKEN, MARK ENDERLE, and MARK   :
YARBOROUGH,                             :
                                        :
                          Defendants.   :
----------------------------------------X

Appearances:

For Plaintiff:
Lance Gotthoffer
Casey D. Laffey
Reed Smith LLP
599 Lexington Ave., 22nd Floor
New York, NY 10022

For Defendants:
C. William Phillips
Mark P. Gimbel
Ethan Jacobs
Covington & Burling LLP
620 Eighth Ave.
New York, NY 10018-1405

DENISE COTE, District Judge:

    Plaintiff Bernard National Loan Investors, Ltd. ("Bernard")

provided a loan to defendant Traditions Management, LLC

("Traditions").  It has sued Traditions and its officers and

members in this diversity action for fraud, conversion, breach

of contract, specific performance, breach of good faith and fair

dealing, and indemnification.  Traditions now moves for judgment

on the pleadings under Fed. R. Civ. P. 12(b)(6).  For the
reasons discussed below, the motion to dismiss the fraud claim
is granted.  The motion to dismiss the remaining claims is
denied.


BACKGROUND

       The following facts are drawn from the second amended
complaint and assumed to be true for the purposes of deciding
the motion to dismiss.  The two prior complaints were withdrawn
in the face of motions to dismiss.

       Traditions is a real estate marketing firm that specializes
in the sale and marketing of high-end luxury residences.  In
2006, Traditions engaged the bank Dresdner Kleinwort Wasserstein
("Dresdner") to help obtain an equity investment, financing, or
other structured transaction.  Dresdner approached plaintiff
Bernard as a potential investor.  Bernard is a specialized
investment group in the business of providing commercial loans.
Traditions and Bernard agreed to a $25.5 million lending
arrangement with a $1 million reserve.  On December 18, 2006,
they executed a promissory note and a loan agreement and pledge
and security agreement (the "LPS Agreement").

       According to the LPS Agreement, Traditions is to make
specified interest payments over the course of a five-year term.
In addition, Section 3(d) of the LPS Agreement ("Section 3(d)")

entitles Bernard to receive principal payments in advance of the loan maturity date.  Specifically, Bernard is to receive eighty percent of Traditions's revenues remaining after Traditions pays the following: (1) overhead and operating expenses; (2) interest on the loan; and (3) annual fees of $1 million for the principals' service.

In the course of negotiations, Traditions made projections about revenue it expected to receive by the end of 2006.  When Traditions sells a property it delivers a signed contract from the buyer to the developer.  Traditions might be paid in full at that time or it might be paid upon closing, when the property is actually delivered to the buyer.  In the months preceding execution of the LPS, Aiken represented to Bernard that Traditions had already presented signed contracts to developers for certain properties, and that Traditions would receive $8 million in fees for these contracts, which would yield Bernard $5.3 million in principal payments.  Moreover, Traditions represented that it would receive these fees at closings definitively scheduled for the fourth quarter of 2006.  Bernard claims this representation materially induced Bernard to extend the loan to Traditions.  Bernard alleges that Traditions "always anticipated these closings would not occur until 2007, and knowingly misrepresented that they would occur in 2006."  Bernard also acknowledges, however, that "[a]t the time the Loan

Documents were executed, Defendants for the first time reported that a substantial amount of the closings that were to generate Earned Fee Backlog cash flow in the 4th quarter of 2006 would not occur until the first part of 2007."

Bernard alleges that since executing the LPS Agreement Traditions has failed to make adequate principal payments to Bernard pursuant to Section 3(d).  As of the filing of the second amended complaint, Traditions had paid Bernard only $1.6 million under the LPS.

DISCUSSION

I. Motion to Dismiss

A trial court considering a Rule 12(b)(6) motion must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss."  Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).

Under the pleading standard set forth in Rule 8(a)(2), complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests."  Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006).  Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).

A court considering a Rule 12(b)(6) motion applies a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Bernard's second amended complaint includes six causes of action: (1) fraud; (2) conversion; (3) breach of contract; (4) specific performance; (5) breach of good faith and fair dealing; and (6) indemnification.  Traditions moves to dismiss counts one through five.  This Opinion addresses the motion to dismiss counts one and three, and finds it unnecessary to reach the motion to dismiss the other counts.

A. Fraud

Under Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Rule requires that a complaint based on misstatements "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." ATSI Commc'ns, 493 F.3d at 99 (citation omitted). The elements of fraud under New York law[1] are:

> (1) a misrepresentation or a material omission of
> material fact which was false and known by defendant
> to be false, (2) made for the purpose of inducing the
> plaintiff to rely on it, and (3) justifiably relied
> upon by the plaintiff, (4) who then suffered an
> injury as a result of such reliance.

City of New York v. Smokes-Spirits.Com, Inc., 541 F.3d 425, 454 (2d Cir. 2008).

Bernard fails to plead the third element. Bernard's fraud claim principally rests on the assertion that it relied on defendants' statements that the closings were definitively scheduled for the fourth quarter of 2006. In its second amended complaint, though, Bernard acknowledges that defendants informed Bernard "[a]t the time the Loan Documents were executed" that a

---

[1] The parties agree that New York law governs the claims in this action. See Photopaint Technologies, LLC v. Smartlens, Corp., 335 F.3d 152, 160 n.8 (2d Cir. 2003).

substantial amount of the closings at issue would not occur until 2007.  Given this admission, Bernard has failed to plead justifiable reliance on defendants' earlier representations that these closings would occur in 2006.

B. Breach of Contract

To establish a prima facie case for breach of contract under New York Law, "a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." National Market Share, Inc. v. Sterling Nat. Bank, 392 F.3d 520, 525 (2d Cir. 2004). Plaintiff states a breach of contract claim.

Defendants assert that plaintiff has not adequately pleaded a breach, i.e., the second element of the claim.  Plaintiff alleges that "fees were received by Traditions in either 2006 or 2007 that should have been paid in substantial part to Bernard to reduce the loan principal, and . . . they have not been so paid."  Defendants argue that this claim rests on speculation and that there are inadequate factual allegations that Traditions' revenues were sufficient to require additional principal payments.

Bernard's pleadings satisfy Rule 8's requirements, as they plainly state a claim sufficient to give defendants fair notice of the nature and grounds of that claim.  Without access to the

7

defendants' books and records, plaintiff cannot identify the
precise amount they are owed.  The allegations concerning the
defendants' predictions about the amounts that would be paid to
Bernard in principal payments are sufficient to lift the
complaint's breach of contract claim above a mere speculative
assertion.

CONCLUSION

Defendants' September 19 motion to dismiss the second
amended complaint is granted with respect to the fraud claim,
and denied with respect to the breach of contract claim.  Given
this result, it is unnecessary to reach the motion to dismiss
the other claims.

SO ORDERED:

Dated:    New York, New York
          February 17, 2009

                                        _____

                                        DENISE COTE
                                        United States District Judge